SUMMARY ORDER

Petitioner Basiru Dibaga, a native and citizen of Sierra Leone, seeks review of the December 12, 2007 order of the BIA affirming the January 17, 2006 decision of Immigration Judge (“IJ”) Sarah M. Burr pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention *637 Against Torture (“CAT”). In re Basiru Dibaga, No. A79 281 595 (B.I.A. Dec. 12, 2007), aff'g No. A79 281 595 (Immig. Ct. N.Y. City Jan. 17, 2006). We assume the parties’ familiarity with the underlying-facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir. 2007).
As a preliminary matter, because Diba-ga failed to raise any challenge to the IJ’s denial of CAT relief in either his brief to the BIA or his brief to this Court, we deem that claim abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
Moreover, because Dibaga’s challenge to the IJ’s pretermission of his asylum application as untimely does not raise a “question of law,” but merely disputes the correctness of her factual findings or justification for her discretionary choices under 8 U.S.C. § 1158(a)(2)(B), (D), we are without jurisdiction to review that challenge. See 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006). Thus, we dismiss the petition for review to that extent.
Regarding withholding of removal, we find that substantial evidence supports the IJ’s finding that — even assuming Dibaga experienced past persecution on account of a protected ground — conditions in Sierra Leone have changed so fundamentally that he cannot establish a likelihood that his life or freedom would be threatened there. See 8 C.F.R. § 1208.16(b)(l)(i)(A); see also Jalloh v. Gonzales, 498 F.3d 148, 151 (2d Cir.2007). The IJ correctly noted that the civil war in Sierra Leone, during which Dibaga had been harmed by a rebel militia group, ended in 2002. In addition, the IJ took note of various country reports in the record that discussed the much improved human rights situation in that country. In light of this evidence, there is no basis to conclude that the IJ’s denial of withholding of removal was in error.
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).